**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

LAURIE MACK,

     Plaintiff,

v.                                          2:23-cv-188-JLB-NPM

LEE MEMORIAL HEALTH SYSTEM,

     Defendant.

---

## ORDER

As a special district of the Florida government, defendant Lee Memorial Health System brought a motion to dismiss plaintiff Laurie Mack's claims by invoking sovereign immunity under Article X, section 13 of the Florida Constitution. (Doc. 24). It then sought to stay discovery pending the disposition of its sovereign immunity defense. (Doc. 26). But, after taking a preliminary peek at the motion to dismiss, the court denied this request. (Doc. 49). Under Rule 72(a), Lee Health objected to this ruling, which the court has construed as a motion for reconsideration. (Docs. 55, 72).

In its motion for reconsideration, Lee Health argues sovereign immunity is an immunity from suit, not just from liability. (Doc. 55 at 2). And because its sovereign immunity defense could dispose of the entire case, in its view, discovery should be

stayed. Otherwise, the court "subjects Lee Health to the burdens of litigation and effectively eliminates Lee Health's immunity." (Doc. 55 at 4).

Florida's sovereign immunity had long been interpreted as immunity from liability only, not suit. *See Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1368 (11th Cir. 2016) ("This Court, however, has interpreted Florida sovereign immunity law to provide only a defense to liability, rather than immunity from suit."); *CSX Transp., Inc. v. Kissimmee Util. Auth.*, 153 F.3d 1283, 1286 (11th Cir. 1998) (citing *Dep't of Educ. v. Roe*, 679 So. 2d 756, 759 (Fla. 1996)). As such, the cases cited by Lee Health to support a discovery stay appeared inapposite given they each analyze immunities from suit. *See Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996) (Eleventh Amendment immunity); *Keck v. Eminisor*, 104 So. 3d 359 (Fla. 2012) (Florida Statute section 768.28(9)(a), which bars an *individual* state officer or employee from being named as a defendant in a tort action[1]); *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (qualified immunity); *Saito v. Collier Cnty. Mun. Corp.*, No. 2:22-cv-740-JLB-KCD, 2023 WL 2305965, *2 (M.D. Fla. Mar. 1, 2023) (judicial immunity). But as it turns out, "Florida's legal landscape on sovereign immunity was clarified in 2020 when the Florida Supreme Court decided *Florida Highway Patrol v. Jackson*." *Butler v.*

---

[1] And notably, the *Keck* court explicitly distinguished itself from the *Roe* opinion, explaining *Roe* involved a governmental entity rather than an individual. *Keck*, 104 So. 3d at 365.

*Gualtieri*, 41 F.4th 1329, 1335 (11th Cir. 2022) (citing 288 So. 3d 1179, 1185 (Fla. 2020)). There, the Florida Supreme Court clarified that, "[i]n Florida, sovereign immunity is both an immunity from liability and an immunity from suit." *Jackson*, 288 So. 3d at 1185.

The Eleventh Circuit has recognized that immunity claims often call for protection from discovery. *See, e.g.*, *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery."); *Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009) (same); *Overcash v. Shelnutt*, 753 F. App'x 741, 746 (11th Cir. 2018); *Howe*, 861 F.3d at 1302. This is because "subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford." *Saito*, 2023 WL 2305965, at *2. But this concern is only present when the asserted immunity extends to suit. With the recent clarification that Florida's sovereign immunity also includes immunity from suit, a stay of discovery is appropriate.

Accordingly, Lee Health's motion for reconsideration (Doc. 55) is **granted**. Rule 26 discovery and disclosures are stayed pending the court's ruling on Lee Health's motion to dismiss. If necessary, a scheduling conference will be set by

separate notice following disposition of the pending motion. Lee Health's motion for protective order (Doc. 69) is denied as moot.

**ORDERED** on February 8, 2024.

_____

NICHOLAS P. MIZELL
United States Magistrate Judge