UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURIE MACK, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                                    Case No: 2:23-cv-188-JLB-NPM

LEE MEMORIAL HEALTH SYSTEM,

    Defendant.
_____/

**<u>ORDER</u>**

Plaintiff Laurie Mack ("Plaintiff" or "Ms. Mack"), a current patient of Defendant Lee Memorial Health System ("Defendant" or "Lee Health"), has filed this class action alleging that the use of Defendant's website (www.leehealth.org), unbeknownst to users, disclosed confidential personally identifiable information and protected health information to Facebook. (Doc. 1 at 1–7, 9–40). Plaintiff's complaint alleges five causes of action against Lee Health: (i) a violation of the Florida Security of Communications Act ("FSCA") (Count I); (ii) invasion of privacy, in violation of the Florida Constitution (Count II); (iii) common-law invasion of privacy (Count III); (iv) unjust enrichment (Count IV); and (v) breach of confidence (Count V). (*Id.* at 46–56). Plaintiff seeks, among other forms of relief, compensatory damages and injunctive relief. (*Id.* at 46–57).

Lee Health has filed a motion to dismiss and to strike (Doc. 24), to which Ms. Mack has responded (Doc. 34 (amended response)), and Lee Health has replied

(Doc. 47). Both parties have filed notices of supplemental authority. (Doc. 50; Doc. 52; Doc. 54; Doc. 68; Doc. 71; Doc. 75; Doc. 76). For the reasons set forth below, Defendant's motion (Doc. 24) is **GRANTED in part and DENIED in part without prejudice**.

## DISCUSSION

**I.     The unjust enrichment cause of action (Count IV) is dismissed**

Lee Health moved to dismiss the unjust enrichment count on two grounds: (i) it has sovereign immunity, and (ii) the complaint fails to state a claim. (Doc. 24 at 8, 27–29). Although Plaintiff filed a substantive response to Lee Health's motion to dismiss, she did not address either argument as to the unjust enrichment count. (*See* Doc. 34; *see also* Doc. 47 at 2 n.1 ("Plaintiff's Response fails to address, and therefore concedes, Lee Health's arguments that it is immune from Plaintiff's unjust enrichment and injunctive relief claims, that she fails to state a claim for unjust enrichment . . .")). The Court accordingly finds that Plaintiff has conceded both arguments. *See, e.g., MSP Recovery Claims, Series LLC v. NGM Ins. Co.*, No. 3:19-cv-128-MMH-JRK, 2021 WL 1172810, at *2 (M.D. Fla. Mar. 29, 2021) ("[T]he Court treats Plaintiffs' failure to respond to the merits of Defendants' request for dismissal on the basis of standing as a concession that the request is due to be granted.") (collecting cases). Defendant's motion to dismiss is thus **GRANTED in part**, to the extent that the unjust enrichment count is dismissed.

## II. Further briefing is required as to whether Lee Health is entitled to sovereign immunity on Counts I, II, III, and V

Discovery has been stayed in this case in light of Lee Health's assertion of a sovereign-immunity defense. (*See* Doc. 77). Consistent with this stay, the Court has determined it will resolve the threshold question of whether Lee Health is entitled to sovereign immunity on Counts I, II, III, and V before addressing the remainder of Lee Health's arguments in its motion to dismiss and to strike. Moreover, given the importance of this issue, the Court **DIRECTS** the parties to file supplemental briefs, of no more than 25 pages, on whether Lee Health is entitled to sovereign immunity on Counts I, II, III, and V. Defendant's supplemental brief is due within 21 days of this Order. Plaintiff's supplemental response brief is due 21 days after the filing of Defendant's supplemental brief. Defendant may file a reply of no more than 7 pages within 14 days of the Plaintiff's supplemental response brief.

In their supplemental briefs, the parties should address any arguments they determine to be germane to the sovereign immunity defense and should <u>not</u> incorporate their previous filings.[1] They should also update their filings with any decisions, or pending cases, that bear on the sovereign immunity question on the four counts at issue here.

---

[1] Lee Health may also, should it choose to do so, re-assert its argument that Plaintiff's response conceded that Lee Health is immune from injunctive relief. (*See* Doc. 47 at 2 n.1).

3

In addition to the arguments the parties choose to present, the Court is directing the parties to address specific questions as to the FSCA in their supplemental briefs. The parties here dispute whether Lee County is an "entity" within the meaning of section 934.10, Florida Statutes. (*See* Doc. 24 at 6; Doc. 34 at 5–8; Doc. 47 at 2–4).[2] Because the FSCA does not define the term "entity," both parties have turned to different interpretive tools. To assist the Court in resolving the sovereign immunity question, the parties should address these questions:

1. The significance, if any, of the definition of "person" that was in place when the FSCA was amended in 1988 to add "entity"? *See* Fla. Stat. § 934.02(5) (1987) (defining a "person" to mean "any employee or agent of the state or political subdivision thereof and any individual, partnership, association, joint stock company, trust, or corporation").

2. The significance, if any, of the use of the term "governmental entity" in other sections of the FSCA?

3. Any other canons of statutory construction that may assist the Court in determining the meaning of "entity" in section 934.10?

4. Which party bears the burden of establishing sovereign immunity and the waiver of sovereign immunity, and whether the FSCA is sufficiently clear to establish that sovereign immunity has been waived?

---

[2] The FSCA provides a civil cause of action "against any <u>person or entity</u>." Fla. Stat. § 934.10(1) (emphasis added).

5.      What other courts have decided or are currently considering this question?[3]

6.      Whether any other Florida statutes are analogous to the FSCA and, if so, what decisions have courts reached on sovereign immunity under those analogous statutes?

As noted, the parties should set forth their full and complete sovereign-immunity arguments in their supplemental briefs.  Should the Court determine that Lee Health is not entitled to sovereign immunity on one or more counts, Lee Health may re-file its other arguments in its motion to dismiss and to strike (*see* Doc. 24 at 9–13 (standing), 13–29 (failure to state a claim), 30 (motion to strike)) and may re-assert any abandonment argument (*see* Doc. 47).  Plaintiff will be afforded an opportunity to respond to any re-filed motion to dismiss.  Accordingly, at this juncture, Defendant's motion to dismiss and to strike (Doc. 24) is **DENIED in part without prejudice**.

## CONCLUSION

For the foregoing reasons:

1.      Defendant's Motion to Dismiss (Doc. 24) is **GRANTED in part**, to the extent that the unjust enrichment count (Count IV) is dismissed, and is otherwise **DENIED in part without prejudice**.  The Court will consider Lee Health's

---

[3]    The Court appreciates the parties advising of the trial court decision and pending appeal before the Fourth District Court of Appeal.  (*See* Doc. 68; Doc. 71).

sovereign-immunity defense through the parties' supplemental briefs, which the parties are **DIRECTED** to file as detailed above.  *See* Discussion II, *supra*.

    2.    Plaintiff's Request for Oral Argument (Doc. 32) is **DENIED without prejudice**.  After reviewing the parties' supplemental briefs, the Court will determine whether oral argument would assist the Court.

    3.    Rule 26 discovery and disclosures remain stayed pending the Court's resolution of Lee Health's sovereign immunity defense.  (*See* Doc. 77).

**ORDERED** at Fort Myers, Florida on February 15, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE