UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURIE MACK, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                                          Case No.:  2:23-cv-00188-JLB-NPM

LEE MEMORIAL HEALTH SYSTEM,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Laurie Mack's Complaint on behalf of herself and others similarly situated (Doc. 1).  Plaintiff alleges that Defendant Lee Memorial Health System ("Lee Memorial"), a political subdivision of Florida, installed coding on its publicly available website that transmitted users' private medical information to Facebook, violating her and other class members' privacy. (Doc. 1).  After careful review of the Complaint, the parties' briefing, and the entire record, the Court finds that Defendant is entitled to sovereign immunity on all claims brought by Plaintiff.  Accordingly, Defendant's Motion to Dismiss (Doc. 24) is **GRANTED**.

## BACKGROUND

Plaintiff brings this class action on behalf of herself and others similarly situated.  (*See* Doc. 1).  Plaintiff alleges that, when using Defendant's publicly available website (www.leehealth.org), she and other putative class members'

confidential, personal medical information was disclosed to Facebook via Facebook Pixel ("Pixel") and Conversions Application Programming Interface ("CAPI"). (*Id.* at ¶¶ 1–5; Doc. 24 at 1). The Pixel is coding on Defendant's website installed by Defendant that tracks the user's actions, including buttons clicked, pages viewed, and text typed. (Doc. 1 at ¶¶ 6–7). The Pixel automatically sends the collected information to Facebook. (*Id.* at ¶ 10). CAPI also tracks the website user's actions but stores the data on Defendant's servers before transmitting the data to Facebook. (*Id.*).

When using Defendant's website, Plaintiff alleges that she and other class members provided information on "the type of medical treatment sought, the individual's particular health condition, and the fact that the individual attempted to or did book a medical appointment." (*Id.* at ¶ 13). Further, Plaintiff alleges that she "has used the website to . . . research sickness or disease, including her own symptoms, treatment, and other issues pertaining to her . . . health conditions." (*Id.* at ¶ 22).

According to Plaintiff, Facebook can sell this private information to third-party marketers to "geotarget Plaintiff's and Class Members' Facebook pages" if the website user has a Facebook account. (*Id.* at ¶¶ 14, 97–99). This puts Plaintiff and other class members at risk of targeted advertisements based on that private information. (*Id.* at ¶¶ 14, 105). Importantly, Plaintiff contends that Defendant's privacy policy does not inform users that it shares private information with Facebook. (*Id.* at ¶ 102).

Plaintiff now brings this suit against Defendant, alleging violation of section 934.10 of the Florida Security of Communications Act ("FSCA"), common law invasion of privacy, and breach of confidence.[1] Defendant moves to dismiss, arguing, in part, that it is entitled to sovereign immunity as to all claims. (Doc. 24). Plaintiff filed a response (Doc. 34), and Defendant filed a reply. (Doc. 47). The Court ordered supplemental briefing on the sovereign immunity ground for dismissal. (Doc. 78). Defendant filed a supplement (Doc. 79), Plaintiff responded (Doc. 80), and Defendant replied (Doc. 81).

## LEGAL STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "labels and conclusions" are insufficient to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007).

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims on the ground that each claim is protected by sovereign immunity. The Court agrees.

---

[1] In a prior Order, this Court dismissed Plaintiff's claim of unjust enrichment. (Doc. 78). Additionally, Plaintiff has withdrawn her invasion of privacy claim arising under Florida's Constitution. (Doc. 80 at 17 n.6).

I. **Whether Defendant is entitled to sovereign immunity from Plaintiff's FSCA, invasion of privacy, and breach of confidence claims.**

"Article X, section 13 of the Florida Constitution provides absolute sovereign immunity for the state and its agencies absent waiver by legislative enactment or constitutional amendment." *Lee Mem'l Health Sys. v. Hilderbrand*, 304 So. 3d 58, 60–61 & n.2 (Fla. 2d DCA 2020). It is undisputed that Lee Memorial is a political subdivision of Florida's government. Section 1.01(8), Fla. Stat. *Lee Mem'l Health Sys. v. Hilderbrand*, 304 So. 3d 58, 60–61 & n.2 (Fla. 2d DCA 2020) ("There is no dispute that Lee Health qualifies for sovereign immunity as an independent special district of Florida.") (citing *Searcy, Denney, Scarola, Barnhart & Shipley v. State*, 209 So. 3d 1181, 1185–86 (Fla. 2017))).

Because "sovereign immunity is the rule, rather than the exception," Plaintiff bears the burden of establishing that the Florida Legislature has waived sovereign immunity for any claim it brings against Lee Memorial. *City of Miami v. Robinson*, 364 So. 3d 1087, 1091 (Fla. 3d DCA 2023) (quoting *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 5 (Fla. 1984)). Further, waiver of sovereign immunity cannot be implied; rather, it must be clear, specific, and unequivocal. *Fla. Fish & Wildlife Conservation Comm'n v. Hahr*, 326 So. 3d 1165, 1167 (Fla. 1st DCA 2021) (citing *Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp.*, 908 So. 2d 459, 472 (Fla. 2005)). If ambiguities arise, they must be "construed narrowly in favor of the government." *Barnett v. State*, 303 So. 3d 508, 513 (Fla. 2020).

### A. Defendant is entitled to sovereign immunity from Plaintiff's FSCA claim.

At the outset, the Court recognizes that it sits in diversity jurisdiction over this case and, therefore, it must apply substantive state law. (Doc. 1 at ¶ 32); *see Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

The FSCA provides a civil remedy against "any person or entity" for those whose electronic communication, among other things, is intercepted or disclosed as follows:

> Any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of ss. 934.03-934.09 shall have a civil cause of action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use, such communications . . .

Fla. Stat. § 934.10 (2022).

Though the Florida Supreme Court has not ruled on whether section 934.10 waives sovereign immunity, Florida's Fourth District Court of Appeal has held that section 934.10 does not waive sovereign immunity. *S. Broward Hosp. Dist. v. Kaplan*, 393 So. 3d 743, 744 (Fla. 4th DCA 2024) (holding that the legislature did not clearly and unequivocally waive sovereign immunity).

This Court is bound by *Kaplan* unless there is persuasive evidence that the Supreme Court of Florida would rule otherwise. *Bravo*, 577 F.3d at 1325 ("[F]ederal courts are bound by decisions of a state's intermediate appellate courts unless there is persuasive evidence that the highest state court would rule otherwise.") (quoting *King v. Ord. of United Com. Travelers of Am.*, 333 U.S. 153, 158 (1948)); *Pendergast*

5

*v. Sprint Nextel Corp.*, 592 F.3d 1119, 1133 (11th Cir. 2010) ("In instances where a state's highest court has not ruled on a point of state law, federal courts are bound by decisions of a state's intermediate appellate courts unless there is persuasive evidence that the highest state court would rule otherwise.") (quotations omitted). The Court finds that Plaintiff has not met her burden of presenting persuasive evidence that the Florida Supreme Court would oppose *Kaplan*'s holding.

In arguing that sovereign immunity has been waived under section 934.10, Plaintiff primarily relies on federal courts' interpretation of the Federal Wiretap Act (FWA) finding a waiver of sovereign immunity. (Doc. 80 at 4–8). Specifically, Plaintiff argues that cases interpreting the FWA should inform this Court's interpretation of the FSCA because the statutes share similar language. The Court is unpersuaded by this argument. In all events, the FWA provides:

> [A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520.

Section 934.10 of the FSCA provides a cause of action against "any person or entity who intercepts, discloses, or uses" any person's "wire, oral, or electronic communication." Fla. Stat. § 934.10. As originally codified, section 934.10 provided a cause of action only against "any person." The statute defines "person" as "any employee or agent of the State of Florida or political subdivision thereof, of the United States, or of any other state or political subdivision thereof, and any

6

individual, partnership, association, joint stock company, trust, or corporation." Section 934.02(5), Fla. Stat. In 1988, the Florida legislature amended the statute to include "or entity." *See* Fla. Stat. § 934.10 (1988).

Plaintiff argues that adding "entity" necessarily includes governmental entities because the revision would be superfluous given the already broad definition of "person." (Doc. 80 at 3–4). In support, Plaintiff points to a Final Staff Analysis & Economic Impact Statement from the Florida legislature addressing the 1988 amendments to section 934.10. (*See* Doc. 81-1). The Staff Analysis acknowledges that the "changes are based on federal law," referring to the FWA's 1986 amendment adding "or entity" that is used to support arguments that the FWA waives sovereign immunity. (Doc. 81-1 at 15).

Plaintiff's argument that "entity" necessarily includes governmental entities fails in two ways. First, though Florida acknowledges that "[l]egislative history can be helpful in construing a statute when its plain language is unclear," it ignores that the Staff Analysis also says that amendments to section 934.10 are "based on federal law, *but retains most of the present law*." (Doc. 81-1 at 15) (emphasis added); *Hardee Cnty. v. FINR II, Inc.*, 221 So. 3d 1162, 1165 (Fla. 2017) (looking to legislative history for guidance on waiver of sovereign immunity). Indeed, it emphasizes that the amendments were intended to "enact the *minimum* changes required to conform with the federal law[.]" (Doc. 81-1 at 9) (emphasis added). This is because prior to the amendments, Florida law "protect[ed] only oral communications conducted over wire." (Doc. 81-1 at 22). With this in mind, the

7

Florida legislature amended section 934 to "extend the protection[] provided oral communications using new technologies, such as cellular phones, voice mail, and computer-to-computer data transfer" because "[i]n the absence of new [F]lorida statutes all electronic communications would be subject to federal law[.]"  (Doc. 81-1 at 9).

Second, Plaintiff's reliance on sovereign immunity waiver in the FWA by federal courts is unpersuasive because it overlooks that federal courts that have found sovereign immunity waiver in the FWA for reasons *in addition to* the 1986 amendment adding "or entity."  (*See* Doc. 80 at 4–5) (citing *Kemeness v. Worth Cnty., Georgia*, 449 F. Supp. 3d 1318, 1325–26 (M.D. Ga. 2020)).

For instance, the *Kemeness* court first found that "[t]he text of the [FWA] is ambiguous." *Kemeness*, 449 F. Supp. 3d at 1325.  In light of this ambiguity, *Kemeness* acknowledged that adding "or entity" to the statute could be interpreted as "governmental entity," given the FWA's broad definition of "person," much like the definition in the FSCA.  *Id*.  But the court did not stop its analysis there. *Kemeness* went on to find support for the waiver in the FWA's legislative history.

In particular, *Kemeness* noted a 2001 amendment to the FWA adding the words "other than the United States" following "entity," which the court interpreted as "evincing Congress's intent to exclude the United States—but not any other governmental entities[.]"  *Id*.  The court found further support for waiver from a parallel provision of the FWA imposing civil liability for interception of stored wire and electronic communications.  *Id*. (citing 18 U.S.C. §2707(a)).  The parallel

8

provision was likewise amended in 1986 to add "or entity." Though neither provision defines "entity," the parallel provision was accompanied by a Senate report that did define "entity" as including governmental entities. *Id.* (citing S. Rep. No. 541, 99th Cong., 2d Sess. 43 (1986)). Because "statutes on the same subject matter should be construed together so as to harmonize them," the *Kemeness* court used that definition to inform its finding that "entity" under the FWA includes governmental entities. *Id.*; *see Ala. Educ. Ass'n v. State Superintendent of Educ.*, 746 F.3d 1135, 1158 (11th Cir. 2014). Thus, "based on the 1986 and 2001 amendments to the [FWA] and the legislative history behind them, as well as the reasoning of other courts that have examined the issue," the *Kemeness* court found that Congress waived sovereign immunity in the FWA. *Kemeness*, 449 F. Supp. 3d at 1325–26. Plaintiff does not—nor could she—argue that the FSCA shares similar support for finding that the Florida legislature intended to waive sovereign immunity. Indeed, the very fact that the FWA's legislative history includes a definition for "entity" that encompasses governmental entities, while the FSCA has no definition, expands the chasm between the statutes.

Moreover, Plaintiff does not address the disagreement between federal courts on whether the FWA waived sovereign immunity. The *Kemeness* court recognized that the Eleventh Circuit has not ruled on this issue and "there is a split in authority" amongst other federal courts. *Id.* at 1324; *see e.g.*, *Abbott v. Vill. of Winthrop Harbor*, 205 F.3d 976, 980 (7th Cir. 2000) (holding that the FWA did not waive sovereign immunity for governmental entities because "[i]t is unreasonable to

9

conclude that Congress intended to subject an entire class of defendants to potential liability without any expression of that intent in the legislative commentary") (quotation omitted) (alteration in original). *But see Adams v. City of Battle Creek*, 250 F.3d 980, 985 (6th Cir. 2001) (holding that the FWA waived sovereign immunity for governmental entities "[b]ased on the amendments to the statute and the legislative history behind them, as well as the case law considering the issue"). Essentially, Plaintiff asks this Court to find that section 934.10 waives sovereign immunity by relying on diverging interpretations of the FWA and to do so without the benefit of the same support.

Next, Plaintiff points to *Brillinger v. City of Lake Worth*, 978 So. 2d 265, 268 (Fla. 4th DCA 2008) to argue that, because it affirmed summary judgment in a case where section 934.10 applied against a governmental entity, then the FSCA must have waived sovereign immunity. (Doc. 80 at 7) (citing *Brillinger*, 978 So. 2d at 268). However, neither party in *Brillinger* argued the applicability of sovereign immunity, and the court did not sua sponte evaluate waiver. *See generally Brillinger*, 978 So. 2d at 266–68. Therefore, it is unpersuasive here.

Plaintiff's last argument is that "governmental entity" is merely a subset of "entity," and therefore, "entity" as used in section 934.10 includes governmental entities. (Doc. 80 at 8–10). Plaintiff finds support in sections 934.21–934.28, referencing "governmental entity," and in section 934.27(1), allowing aggrieved parties to "recover from the person or entity" that violated sections 934.21–934.28. *Id.* (citing section 934.27(1)). However, section 934.27(1) refers only to sections

10

934.21 through 934.28; it does not refer to section 934.10.  To conclude that this constitutes sovereign immunity waiver in section 934.10 would require the Court not only to infer that entity as used in section 934.27(1) includes governmental entities but to make an additional inference that section 934.27(1)'s inclusion of governmental entities when discussing sections 934.21–28 somehow implicates section 934.10 even though it is independent from those sections.  The Court cannot infer waiver of sovereign immunity.  *See Fla. Dep't of Transp. v. Schwefringhaus*, 188 So. 3d 840, 846 (Fla. 2016) ("Waiver cannot be found by inference or implication, and statutes waiving sovereign immunity must be strictly construed.").

Further, it is a "well-settled principle[] of statutory construction . . . that the legislative use of different terms in different portions of the same statute is strong evidence that different meanings were intended." *State v. Bradford*, 787 So. 2d 811, 819 (Fla. 2001) (internal quotation marks omitted) (cleaned up).  Here, the FSCA uses "entity" and "governmental entity" in different portions of the FSCA. *See* Chapter 934, Florida Statutes.  If the Florida legislature intended to waive sovereign immunity under section 934.10 of the FSCA, then it would have written "any person or governmental entity" rather than "any person or entity."  *See Crosby v. Town of Indian River Shores*, 358 So. 3d 444, 446–47 (Fla. 4th DCA 2023) (holding that the government was not immune under section 768.295(3) of Florida's Anti-SLAPP statute that used the terms "entity" and "governmental entity" in different sections of the statute and prohibited lawsuits "against another person or

11

entity" rather than "against another person or *governmental* entity"). The Court will not accept Plaintiff's invitation to rewrite the statute.

Under these circumstances, Plaintiff has not presented persuasive evidence that the Florida Supreme Court would disagree with the *Kaplan* court's holding that section 934.10 does not waive sovereign immunity. *Kaplan*, 393 So. 3d at 744. Thus, this Court is bound by *Kaplan*. *Bravo*, 577 F.3d at 1325 ("[F]ederal courts are bound by decisions of a state's intermediate appellate courts unless there is persuasive evidence that the highest state court would rule otherwise.") (quoting *King*, 333 U.S. at 158). Accordingly, Plaintiff's violation of the FSCA claim is **DENIED with prejudice**.

### B. Defendant is entitled to sovereign immunity for Plaintiff's invasion of privacy and breach of confidence claims.

Defendant moves for dismissal of Plaintiff's breach of confidence and common law invasion of privacy claims, arguing that they seek purely economic losses and are therefore barred by sovereign immunity.[2] (Doc. 24 at 7–8; Doc. 79 at 15–18) (citing section 768.28(6), Florida Statutes). The Court agrees that the claims are barred.

---

[2] The Court notes that section 768.28, Florida Statutes, requires notice of suit be given to the political subdivision being sued to benefit from the statute's sovereign immunity waiver. Section 768.28; *see R.W. v. Charter Sch. USA, Inc.*, No. 18-14405-CIV, 2019 WL 13216131, at *5 (S.D. Fla. May 23, 2019) ("Pursuant to [section 768.28], a plaintiff must satisfy the notice requirements prior to maintaining a lawsuit against a subdivision of the State, and the complaint must contain an allegation that such notice was given."). Plaintiff has not alleged compliance with the notice requirement. However, "the notice requirement in section 768.28(6) does not affect a court's jurisdiction but, instead, is a condition precedent to the lawsuit." *Staly v. Izotova*, 403 So. 3d 1034, 1037 (Fla. 5th DCA 2024).

Plaintiff insists that her breach of confidence and invasion of privacy claims are permitted pursuant to Florida's Tort Claims Act ("FTCA"). (Doc. 34 at 8–9; Doc. 80 at 18). The FTCA provides for waiver of sovereign immunity to recover monetary damages in tort from the state, its agencies, or subdivisions for injury or loss of property, personal injury, or death as follows:

> Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office . . .

Fla. Stat. § 768.28(1). In a conclusory fashion, Plaintiff argues that she and the class members have suffered personal injury in the form of lost time and opportunity costs, ongoing risk to private information, and harassment. (Doc. 34 at 8–9; Doc. 80 at 17–18). Further, Plaintiff contends that "the diminution of value of her personal information" constitutes property loss. *Id.* In support, Plaintiff relies solely on *Mason v. City of Miami Gardens, Fla.*, No. 14-23908-CV, 2015 WL 2152702, at *2 (S.D. Fla. May 6, 2015), which found that allegations of "pain, suffering, and humiliation" are forms of personal injuries. (Doc. 34 at 9; Doc. 80 at 18).[3] Reliance on *Mason* is, at best, confusing given the crux of the case concerns a data breach. Plaintiff provides no other basis for finding a sovereign immunity waiver for invasion of privacy or breach of confidence.

---

[3] The Court previously ordered the parties to submit supplemental briefing addressing sovereign immunity issues for Counts I, III, and V. (Doc. 78 at 3). Though Plaintiff submitted supplemental briefing, she failed to take the opportunity to expand on her arguments for sovereign immunity as to her invasion of privacy or breach of confidence claims despite the direction to do so.

The thrust of Plaintiff's purported injuries here is not in line with section 768.28(1)'s plain language, which provides a limited waiver of sovereign immunity. Specifically, the Legislature requires an "injury or loss of property, personal injury, or death." Fla. Stat. § 768.28(1). The two categories etched out by the Legislature are property losses and personal injuries. No death has occurred as a result of the data breach, and Plaintiff has failed to provide any support for her claim that it constitutes property loss. This leaves personal injury. Plaintiff argues that she and the class members have suffered personal injury in the form of lost time and opportunity costs, ongoing risk to private information, and harassment. But casting such a broad net for "personal injury" to include potential personal risks, the loss of some amount of time and opportunity costs is a slippery slope to make what is a limited sovereign immunity waiver into an exceedingly broad waiver. A textual basis to confine "personal injury" to something more akin to a physical injury and less akin to the metaphysical is the Legislature's inclusion of "death" after "personal injury." *Nehme v. Smithkline Beecham Clinical Lab'ys, Inc.*, 863 So. 2d 201, 205 (Fla. 2003) ("Under the doctrine of *noscitur a sociis* (a word is known by the company it keeps), one examines the other words used within a string of concepts to derive the legislature's overall intent.").

But no matter how Plaintiff splits hairs and attempts to inflate a limited waiver of sovereign immunity into a bloated one, Plaintiff has failed to carry her burden to establish that sovereign immunity has been waived. *Robinson*, 364 So. 3d at 1089–91. Simply stated, the Court finds that Plaintiff has failed to rebut the

14

presumption that sovereign immunity bars her claims. Therefore, Plaintiff's argument—or lack thereof—regarding waiver as to the invasion of privacy and breach of confidence claims is not compelling.

Because the Court finds that Defendant is entitled to sovereign immunity as to all of Plaintiff's claims, it need not address Defendant's arguments on standing or failure to state a claim. Though "[t]he court should freely give leave [to amend a pleading before trial] when justice so requires," providing Plaintiff leave to amend her Complaint would be futile because the issue does not lie with the Complaint; rather, the problem lies with the lack of support for finding that the Complaint's claims may be brought against the Defendant.

*–Rest of page intentionally left blank–*

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. 24) is **GRANTED**.

2. Counts I, III, and V of Plaintiff's Complaint (Doc. 1) are **DISMISSED with prejudice**.

3. As to Plaintiff's request to withdraw Count II, the invasion of privacy claim under Florida's Constitution (Doc. 80 at 17 n.6), the Court approves such.

4. The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate all deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on September 24, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE